# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **CATHY STIGLEMAN,** | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | MAGISTRATE |
| | ) | |
| **EVANS MOTORWORKS INC.** | ) | **COMPLAINT** |
| | ) | **WITH JURY DEMAND** |
| Defendant. | ) | |
| | ) | |

Now comes Plaintiff Cathy Stigleman, by and through counsel, and for her Complaint against Defendant Evans Motorworks Inc., states and alleges the following:

## INTRODUCTION

1. This action challenges Defendant's practices and policies of failing to pay Plaintiff overtime wages earned by her and owed to her in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C §§ 201-219.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a United States citizen and resides in Richmond, Indiana.

3. At all relevant times, Plaintiff was employed by Defendant as a Payroll Administrator.

4. At all relevant times, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and was engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

5. Defendant is a for-profit corporation that does business in Dayton, Ohio.

6. Defendant is an employer within the meaning of Section 3(d) and 3(x) of the FLSA, 29 U.S.C. § 203(d); 29 U.S.C. § 203(x).

7. Defendant is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

8. Plaintiff was an employee of Defendant, and Defendant was Plaintiff's employer.

9. Defendant performed more than $500,000 of business per year during the relevant statutory period.

10. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. Venue is proper in the Southern District of Ohio under 28 U.S.C. § 1391 because all or part of the events giving rise to Plaintiff's claims occurred here.

## FACTUAL BACKGROUND

12. Plaintiff began her employment with Defendant in or around 2007.

13. Throughout the relevant statutory period, Plaintiff worked for Defendant as a Payroll Administrator.

14. During her employment, Plaintiff worked in excess of forty hours per workweek on a regular and recurring basis.

15. Plaintiff was not paid overtime for her work in the manner and methods provided in, and subject to, the exemptions in 29 U.S.C. §§ 207 and 213, as required under the FLSA.

16. Plaintiff accurately reported her working hours each week in Defendant's timekeeping system.

17. Despite knowing that Plaintiff worked more than 40 hours per workweek, Defendant failed to pay Plaintiff overtime as required by the FLSA.

18. Defendant knowingly and willfully failed to pay Plaintiff overtime wages during her employment.

## COUNT ONE
## Violation of the Fair Labor Standards Act

19. Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

20. The FLSA requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

21. Plaintiff worked in excess of 40 hours per workweek on a regular and recurring basis, but Defendant failed to pay Plaintiff overtime pay as required by the FLSA.

22. Defendant's practice and policy of not paying Plaintiff overtime compensation for at a rate of one and one-half times her regular rate of pay for the hours she worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

23. By engaging in the above-mentioned activities, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

24. As a result of Defendant's practices and policies, Plaintiff has been damaged.

## CONCLUSION

WHEREFORE, Plaintiff prays that this Honorable court:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages in an amount equal to the overtime compensation found due to Plaintiff;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements;

E.       Award Plaintiff further and additional relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

**COHEN ROSENTHAL & KRAMER LLP**

/s/ Jason R. Bristol
JASON R. BRISTOL (0072989)
3208 Clinton Avenue
Cleveland, Ohio 44113
216-815-9500 (Telephone & Facsimile)
jbristol@crklaw.com


**JASON P. MATTHEWS, LLC**

/ s / Jason P. Matthews
JASON P. MATTHEWS (00073144)
130 West Second Street, Suite 924
Dayton, OH 45402
Phone: 937.608.4368
Fax: 1.888.577.3589
jason@daytonemploymentlawyers.com

*Attorneys for Plaintiff Cathy Stigleman*